*144 Opinion of the Court,
by Ch. J. Boyle.
THIS is a motion made by Lynn Banks, the administrator of Rachael Banks, to correct the judgment heretofore rendered by this court against him for costs, and ‘l038*1 ^ executi°ns issued thereon, on the ground, that as he was the plaintiff in the suits in the court below, and appellate in this court, and the suits were brought by him as adminstrator, he was not liable for on ^ affirmance of the judgments, and, consequently, that no judgment ought to have been rendered against him for costs, in this court,
R is perfectly clear, that at common law, costs were, in no case, recoverable by either party; and it was not until 32d Henry VIII, that any general statutory provjsjon was enacted, subjecting the plaintiff to costs. A statute was then passed, providing that “in debt, covenant, detinue, account, trespass ori the case, or upon any statute for an offence or wrong, immediately sup-v o* v x posed to be done to the plaintiff, if the plaintiff, after the appearance of the defendant, be nonsuited, or a verdiet pass against him, the defendant shall have judgment for his costs, against the plaintiff.”
This statute contained no express exception of execu)-ors and administrators; but as it only relates to contracts arid wrongs done to the plaintiff, it was uniformly held, that they were not liable to costs under it, upon a nonsuit or verdict, where they necessarily sued in representative character, and could not bring the action in their own right. There being still many *145 teases to which the provisions of this statute did not ex-tend, and in which it was equally just that the defendant should recover his costs, various subsequent acts of parliament were passed, making the plaintiff liable to costs in all actions where they were disposed of him, whether it was by a nonsuit or verdict, or otherwise. These subsequent acts of parliament, being, ■however, all framed upon the model of the statute 32d Henry VIII. and with express reference to it, held, as it had been, not to extend to executors and administrators.
Thus the law stood, when the provision upon this sub- ‘ ject, contained in the second and third sections of the act to reduce into one the several acts for preventing vexatious suits, and regulating proceedings in civil cases, was enacted. See 1 Dig. L. K. 343. It is thereby declared, that “Inwall cases where judgment shall be given for the defendant, he shall recover his costs against the plaintiff, and have execution for the same: Provided, always, that nothing herein contained shall be construed to extend to executors and administrators in such case, where, by law, they are not liable to payment of costs of suit.”
This provision evidently has made no change in the law of costs; and, indeed, by its very terms, executors and administrators are only made liable where they were so before, and as the statute of the 32d of Henry VIII. and the subsequent statutes of England, framed on the same model, did not make executors and administrators liable to. costs, where, they sued in their representative character, and could sue in no other, it is plain that they are not liable, in such cases, to costs, under the provision of our act. But it is clear, that neither those British statues nor our own act, containing the provision before recited, can be construed to apply to appeals or writs of error, in an appellate court. The British statutes, in terms, extend only to actions in courts of original jurisdiction, and it is apparent, from the whole context of our act, that it cannot have a more extensive operation, and, consequently, the provision it contains with respect to costs, must be confined to original actions, or suits in the inferior courts.
This is the more evident, too, because we have a sep-' arate provision in relation to posts in the appellate *146 court, in the act establishing the court of appeals. By act5 h is expressly provided, that, “if the judgment or decree be affirmed in the whole, the appellant shall pay to the appellee ten per cent, on the sum due thereby, besides costs upon the original suit and appeal.” The terms of this provision are general, and unquestionably embrace the case of appeals taken by executors or administrators, as well as appeals taken by any others; nor does the act contain any exception in favor of executors or administrators. It may be contended that, as the provision subjects the appellant to the costs of the original suit, as well as the costs of the appeal, it does not apply to a case like the present, where no costs were given against the appellant in the original suit, and none could be rightfully given, as he sued in his representative character. But it might be urged with more plausibility, that the appellant was bound tQ pay the costs in both courts, in such case; because the act, literally taken, imports that he shall do so, without regard to the circumstance whether the judgment was or was not rendered against him for costs, in the inferior court. But neither of these can be admitted to be the true construction of the act. If the latter were to be taken as the true construction, it would be extending the act beyond its reason and spirit; and if the former . were to be taken as the proper construction, the act would have too limited an operation; for, if the provision in question were to be confined to those cases where costs were given in the court below, because it directs those costs, as well as the costs of the appeal, to be paid, it must be confined to the case where the judgment or decree is given in the court below for a sum of money; because it directs ten per cent, upon the sum due thereby, to be paid, and the act would thus have no operation in any case where the judgment or decree was not given in the court below for a sum of money, as well as costs; and, of course, in all cases where the plaintiff in the court below appealed, or where the defendant appealed from a judgment or decree for a specific thing, which would include a great majority of cases in this court, no costs could be given. The rational construction of the act seems to be, that the appellant shall, in all cases, pay the costs of the appeal, and ten per cent, upon the amount due by the judgment *147 rendered by the court below, and costs, if there be a judgment and decree therefor, and this is the construetion uniformly practised on in this court, from its first establishment.
The motion must, therefore, be overruled.